NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM NEELD, | Civil Action No. 15-6294 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**LINARES**, District Judge:

Currently before the Court is the complaint of Plaintiff, William Neeld (ECF No. 1). As Plaintiff has been granted *in forma pauperis* status, this Court must screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's claims against the New Jersey Department of Corrections and Northern State Prison with prejudice, and dismiss Plaintiff's claims against the remaining Defendants without prejudice for failure to state a claim for which relief may be granted.

**I. BACKGROUND**

Plaintiff is a convicted state prisoner currently incarcerated at Northern State Prison. (ECF No. 1 at 2-3). On August 17, 2013, while descending from the top bunk to which he is assigned, Plaintiff slipped and fell off a "smooth rounded steel [stool] with sloped edges" which he used to aid his descent because his cell was not equipped with a ladder. (*Id.* at 6). As a result

of his fall, Plaintiff struck his left knee and fractured his patella. (*Id.*). Plaintiff alleges that his injury arises out of the failure of the New Jersey Department of Corrections ("the DOC") and Northern State Prison to provide "safe and adequate means to enter/exit [the] top bunk in [the prison's] cell," such as a ladder. (*Id.*). Plaintiff also alleges that the top bunks in Northern State "exceed height standards for safety" and that his "medical care/treatment for [his] injuries is below [the] standard of care" without further elaboration. (*Id.*). Plaintiff is therefore suing the DOC; Northern State Prison; Gary Lanigan, commissioner of the DOC; Paul Lagana, Administrator of Northern State Prison; and Cindy Sweeney, the Associate Administrator of Northern State Prison, for their alleged failure to "administratively require/implement/ensure/enforce safe access to upper bunks." (*Id.* at 5).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§1915(e)(2)(B) and 1915A because Plaintiff is a convicted state prisoner who has been granted *in forma pauperis* status and who raises claims against state employees.

2

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### B. Analysis

Plaintiff seeks to make claims against defendants for alleged violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177,

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

180 (3d Cir. 2013) (noting that section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). This Court construes Plaintiff's complaint as attempting to assert an Eighth Amendment conditions of confinement claim against all Defendants.[2]

Initially, this Court notes that the New Jersey Department of Corrections and Northern State Prison are not amenable to suit under § 1983, and must therefore be dismissed from this action with prejudice. Liability under 42 U.S.C. § 1983 applies only to "persons." "Neither states, nor their departments and agencies . . . are 'persons' within the meaning of Section 1983." *Goode v. N.J. Dep't of Corr.*, No. 11-6960, 2015 WL 1924409, at *10 (D.N.J. April 28, 2015); *see also Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (noting that state department of corrections and state prison facilities are not "persons" under § 1983). As neither

---

[2] This Court does not construe Plaintiff's conclusory statement that his medical care has been below the relevant standard of care as an attempt to plead either medical negligence or deliberate indifference to his medical needs. Plaintiff has not pled claims against any defendants involved in his medical care, nor has he provided any facts to support this conclusory allegation. In any event, to the extent that Petitioner wished to make a claim for deliberate indifference to medical needs, negligence, such as the failure to provide treatment sufficient to meet the relevant standard of care, is insufficient to establish an Eighth Amendment claim for deliberate indifference to medical needs. *See, e.g., Jones v. County Jail C.F.C.F.*, 610 F. App'x 167, 169 (3d Cir. 2015). To the extent that Plaintiff wished to raise a state law claim for negligence, this Court declines to extend supplemental jurisdiction over that claim as this Court is dismissing all of Plaintiff's claims over which it has original jurisdiction at this time. *See* 28 U.S.C. § 1367(c)(3).

the Department of Corrections nor Northern State Prison are persons amenable to suit under 42 U.S.C. § 1983, they must be dismissed from this action with prejudice.

Plaintiff attempts to plead an Eighth Amendment conditions of confinement claim against the remaining Defendants. "To plead an Eighth Amendment claim based on conditions-of-confinement, [the plaintiff] must show that he was subjected to a sufficiently serious deprivation that resulted in the denial of 'the minimal civilized measure of life's necessities,' and that officials [at the DOC and the prison] were 'deliberately indifferent' to [the plaintiff's] safety." *Jones v. County Jail C.F.C.F.*, 610 F. App'x 167, 168 (3d Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Jones*, 610 F. App'x at 168. Eighth Amendment liability may therefore not be based on simple negligence or a lack of due care. *Jones*, 610 F. App'x at 169. Here, Plaintiff asserts that the failure of the named officials to require ladders or other safe means of ingress and egress from the top bunk of all prison cells amounts to a violation of his Eighth Amendment rights. Plaintiff's complaint, however, at best asserts that the officials were negligent in failing to require ladders for use in cells with top bunks or otherwise ensure safe egress from the top bunks of cells at Northern State Prison, and therefore fails to state a claim for which relief may be granted.

Plaintiff's claim is virtually indistinguishable from the claim raised in *Jones*. In *Jones*, the Third Circuit affirmed the dismissal of the plaintiff's conditions of confinement claim where the plaintiff pled that he had fallen while trying to step down from his top bunk without the aid of a ladder or set of steps, resulting in the Plaintiff's striking his head and falling unconscious,

5

resulting in several injuries. *Id.* at 168. The Third Circuit held that such allegations "taken as true . . . fail to establish that the defendants were deliberately indifferent to the conditions of [the plaintiff's] cell." *Id.* at 169. Absent additional facts which are equally absent from Plaintiff's complaint, such as a history of complaints regarding the plaintiff's inability to climb down from the top bunk without a ladder or additional aid,[3] the Third Circuit therefore found that the plaintiff's complaint "[a]t its most generous reading, . . . alleged mere negligence, and not deliberate indifference, in [the prison's] failure to provide a step-ladder" and that the plaintiff in *Jones* therefore failed to state a claim for which relief could be granted under the Eighth Amendment. *Id.* Save for the exact injuries involved, Plaintiff's claims are nearly identical to those made in *Jones*. Like the plaintiff in that case, Plaintiff's complaint therefore at best makes out a simple negligence claim relating to the failure to provide him with a ladder or other means of egress from the top bunk to which he was assigned. *Id.* As such, Plaintiff has failed to state a claim for which relief may be granted, and his complaint must be dismissed without prejudice as to the remaining Defendants.

---

[3] The only complaints to the named Defendants Plaintiff has provided with his complaints were specifically filed after the fall about which he complains and related directly to that incident. Nothing attached to or alleged in the complaint indicates that he made any complaints regarding the bunk issue prior to his fall or that Defendants were otherwise on notice of his issues with the top bunk.

## III. CONCLUSION

For the reasons stated above, Plaintiff's claims against the New Jersey Department of Corrections and Northern State Prison are DISMISSED WITH PREJUDICE, and Plaintiff's claims against the remaining Defendants are DISMISSED WITHOUT PREJUDICE for failure to state a claim for which relief may be granted. An Appropriate order follows.

Hon. Jose L. Linares,
United States District Judge